IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOMINGO AMADOR,
        Plaintiff,

vs.                                        5:05cv127/MMP/MD

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.
        Defendant.

---

## **REPORT AND RECOMMENDATION**

    This cause is before the court upon plaintiff's amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint and the attachments thereto, it is evident that plaintiff failed to exhaust his administrative remedies prior to filing this case. Therefore, his case must be dismissed.

    Plaintiff is an inmate currently incarcerated at Wakulla Correctional Institution ("WCI"). Named as defendants in this action are: The Florida Department of Corrections, Charles W. Shockley, Pilar Gudino, Marinell Brown, Herbert Hall, Ningyi Huang, J. F. Watson, Captain Keen, and two John Doe defendants. He states that the defendants are sued in their official capacities. On January 3, 2005, plaintiff injured his collar bone playing soccer at Calhoun Correctional Institution. He reported to medical, had a strap placed around his shoulder by defendant John Doe, and was told to return to his dorm. On January 24, 2005, plaintiff was transferred to the North Florida Reception Center for treatment. There a doctor John Doe, also a defendant in this action, prescribed pain medication and a strap to support the injured collar bone and issued a restricted activity pass. Dr. Doe also told plaintiff that he would receive future treatment for his broken collarbone. Plaintiff was transferred to WCI on April 26, 2005. He was assigned to a job

on inside grounds cutting grass with a manual lawn mower.  Plaintiff presented his restricted activity pass to his supervisor, who disregarded the pass and directed him to perform his duties.  The other named defendants are primarily individuals involved in the grievance process.  Although plaintiff may have exhausted his administrative remedies at this point, he did not exhaust such remedies prior to filing suit.[1]

Plaintiff filed his first grievance on June 27, 2005 complaining that he was being made to perform these duties and that Captain King (who plaintiff later learned was actually Keen) had taken his pass and threatened him.  He also complained in the grievance that he had received inadequate medical care for the original injury. (Doc. 11, exh. A).   The grievance was returned without action because it addressed more than one issue.  Plaintiff appealed to the warden, stating that the informal grievance was improperly denied, and he was just attempting to bring the matter of his allegedly inadequate medical treatment to the warden's attention as required by law.  His appeal was denied, with the notation that his treatment had been adequate and appropriate to presenting symptoms. (Doc. 11, exh. B).

Exhibit C is a grievance dated July 6, 2005 also grieving the fact that plaintiff believed he should not be made to work "hard duty" against a medical order.  The response indicated that the pass plaintiff had received from the doctor was a temporary pass that expired on May 25, 2005. Plaintiff was advised to return to work or that he would be disobeying a medical order.

Exhibit D is an appeal to the Secretary dated August 7, 2005 in which plaintiff again complains about the inadequate treatment he received for the broken bone and the fact that staff threatens him with confinement for complaining that he is required to return to work.  His appeal was denied on September 20, 2005 as the treatment provided was found to be adequate.

Title 42 U.S.C. § 1977e provides in pertinent part:

(a) Applicability of administrative remedies

---

[1] Plaintiff's initial complaint was filed pursuant to the prison mailbox rule on June 19, 2005, the day it was provided to correctional officials for mailing.

*Case No: 5:05cv127/SPM/MD*

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (West Supp.1997). Therefore, the plain language of the statute makes the exhaustion requirement a mandatory prerequisite to filing suit. *See Leal v. Georgia Dept. Of Corrections,* 245 F.3d 1276 (11th Cir. 2001); *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1329 (11th Cir. 1998). The fact that administrative remedies must be exhausted **prior to** filing suit is also noted on page 3 of the complaint form. Even if a plaintiff completes exhaustion after his case was filed, it is still subject to dismissal, for failing to exhaust before suit was commenced. *Neal v. Goord,* 267 F.3d 116, 119 (2nd Cir. 2001) (citing *Jackson v. District of Columbia*, 254 F.3d 262, 268-69 (D.C.Cir. 2001) (affirming rejection of the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.")); *Perez v. Wisconsin Department of Corrections,* 182 F.3d 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *see also Nyhuis v. Reno*, 204 F.3d 65, 71 (3rd Cir. 2000) ("Allowing the federal courts to fashion prison remedies before the prisons themselves have had the opportunity (and have the ability) to do so, is surely not what Congress intended when it enacted the [Prison Litigation Reform Act]."); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998) ("[E]xhaustion is now a pre-condition to suit.... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir.1997) ("Congress

specifically amended the statute to ... requir[e] federal prisoners to exhaust all administrative remedies before bringing ... a claim under 42 U.S.C. § 1983.")).

The fact that plaintiff delayed filing his amended complaint until he had exhausted his administrative remedies does not cure the defect.  Thus, under controlling law, he has failed to state a claim and his case must be dismissed without prejudice.  *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

Accordingly, it is respectfully RECOMMENDED:

That the plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim due to plaintiff's failure to exhaust his administrative remedies prior to filing this case.

At Pensacola, Florida, this 22nd day of November, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:05cv127/SPM/MD*